[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 10, 2009
THOMAS K. KAHN
CLERK

No. 08-10773
Non-Argument Calendar
_____

D. C. Docket No. 07-01494-CV-JEC-1

TENNISE ROBINSON CHARLES,

Plaintiff-Appellant,

versus

TIMOTHY SCARBERRY,
CVS Pharmacy,
BRENDA FARLEY,
G.M., CVS Pharmacy,
RUSS,
R.M., CVS Pharmacy,
KATIE BOLSEN,
CVS Pharmacy,
DENEKA,
CVS Pharmacy, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 10, 2009)

Before EDMONDSON, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Tennise Robinson Charles, proceeding pro se, appeals the sua sponte dismissal of her 42 U.S.C. § 1983 complaint against managers and employees of her former employer, CVS Pharmacies ("CVS"), and an employee of CVS's workers' compensation insurance company. The district court dismissed the complaint for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii). No reversible error has been shown; we affirm.

Charles's complaint centered around her termination from CVS and the later denial of benefits.[1] She alleged that a plastic stool she was standing on while she restocked shelves "gave way," causing her to fall and injure her neck, lower back, shoulders and arms. Charles received workers' compensation benefits for a time after this incident. But, at CVS's request, a physician examined her and concluded that she could return to work without restrictions. About a month after this examination, Charles was terminated, and her workers' compensation benefits were stopped. The reason given by the insurance adjuster for her termination and denial of benefits was that the authorized treating physician who examined Charles

---

[1]Charles also discussed many problems she had while employed at CVS, including that her job title never changed even though she worked in different departments and that her pay did not increase when she moved to the pharmacy department.

2

after her fall stated that she could return to work without restrictions, but Charles failed to return to work. Charles alleged that this reason was a lie and that the physician who examined her was not her authorized treating physician.

The district court allowed Charles to amend her complaint so that she could better explain the federal basis of her termination claim. In her amended complaint, Charles stated that "wrongful discharge" was the federal claim she was invoking for the "illegal firing." She also stated that she sought relief for libel and slander based on the reason given for her termination and for discrimination based on how she was treated at CVS. The district court determined that Charles failed to allege facts about her termination that, if proved, would state a violation of federal law and that her other allegations also failed to show a violation of federal law.

On appeal, Charles does not address explicitly the district court's reasoning for its dismissal of her complaint, but she repeats that she was terminated wrongfully, discriminated against, and subjected to libel and slander.[2] We review

---

[2]In her amended complaint, Charles mentioned that she sought relief under several other statutes, including the Fair Credit Reporting Act and the Occupational Health and Safety Act. But on appeal, she makes no arguments about these claims; and, thus, they are abandoned. Horsley v. Feldt, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002) (not considering issues that pro se litigant failed to brief on appeal). And in her brief, Charles discusses alleged lawyer malpractice in her workers' compensation suit and alleged criminal acts by Defendants. To the extent Charles attempts to raise new claims in her brief, we decline to address them. See Walton v. Johnson & Johnson Serv., Inc., 347 F.3d 1272, 1283 n.10 (11th Cir. 2003) (stating that we will not address an argument that was not raised before the district court).

de novo a district court's sua sponte dismissal for failure to state a claim under section 1915(e)(2)(B)(ii), accepting the allegations in the complaint as true. Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003). In addition, we liberally construe pro se pleadings. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

To prevail on a claim under section 1983, Charles had to demonstrate (1) that Defendants deprived her of a right secured by the Constitution or federal law and (2) that such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998). Here, no matter whether Charles otherwise made allegations sufficient to state a violation of federal law, she failed to allege that any deprivation occurred under color of state law. CVS employees and an insurance adjuster do not act under the color of state law. See Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1277 (11th Cir. 2003) (explaining that, "the under-color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful") (quotations and citation omitted).[3]

And we agree with the district court that Charles's allegations do not

---

[3]While the district court did not base its dismissal on the state action part of a prima facie section 1983 claim, we may affirm on any ground supported by the record. See Bircoll v. Miami-Dade County, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

evidence the denial of a constitutional right. For instance, as the district court noted, claims of libel and slander do not state a violation of federal law and are not cognizable in a section 1983 civil rights action. Paul v. Davis, 96 S.Ct. 1155, 1165-66 (1976). To the extent Charles sought to base her section 1983 claim on wrongful termination or failure to promote under Title VII, an allegation of a Title VII violation cannot provide the sole basis for a section 1983 claim. See Arrington, 139 F.3d at 872.[4]

Therefore, the district court's conclusion that Charles stated no claim under federal law is without error.

AFFIRMED.

---

[4]Charles's complaint was filled out on a form for section 1983 civil rights violations, and she did not cite to Title VII; but Title VII does provide a federal cause of action for wrongful termination. See 42 U.S.C. § 2000e-2(a)(1); Maynard v. Bd. of Regents, 342 F.3d 1281, 1289 (11th Cir. 1989). Charles did not state a claim for relief under Title VII: Absence of allegations that persons who were not like her were treated better.